White, J.
The plaintiff in error seeks the reversal of the judgment rendered against him in favor of Childs, the only defendant in error, on the findings of the court in favor of the latter at the second trial.
The principal question of law in the case, and which led, doubtless, to the-reservation, arises upon the “act to relieve the district courts and to give greater efficiency to the judicial system of the state.” 2 S. & C. Stat. 1155.
By the first section of the “ act regulating appeals to the district court,” passed March 23,1852 (3 Curwen’s Stat. 1725), appeals were *103 allowed from all final judgments in civil cases at law, decrees in chancery, and interlocutory decrees dissolving injunctions rendered by the court of common pleas, by any party against whom such judgment or decree might be rendered, or who might be affected thereby, to the district court; and required that the cause so appealed should be *again tried, heard, and decided in the district court, in the same manner as though the district court had original jurisdiction in the cause.
This section was repealed by the act now in question, under which cases thus formerly appealed seem to he resolvable into three classes: 1. Civil actions instituted in the court of common pleas, and in which either party has the right by law to a trial by jury, and in which an issue of fact has been joined between the parties, or any two of them, by their pleadings; 2. Civil actions in which the parties have not the right to a trial by jury; and, 3. Actions in which the parties would be entitled to a trial by jury, but where no issue of fact is joined.
In cases of the first class, a second trial may be had; in those of the second class, an appeal; hut in those of the third, there can be neither an appeal nor a second trial.
The case now before us belongs to to the first class, and the questions raised by the plaintiff in error are: (1) Whether Childs, the defendant below, took the steps necessary to obtain a' second trial ? and, if this question should be answered in the affirmative (2), whether the second trial thus obtained by Childs opened all the issues in the case ?
The motion to dismiss the case from the seeond-trial docket, is founded upon the idea that the law requires a negative answer to be given to the first question. But if this view is erroneous, it is .claimed that the second question should be answered in the affirmative, and that consequently the case stood open for a second trial between the parties, or at least between the plaintiff and those against whom he had recovered judgment, precisely as it stood upon the first trial.
It should be observed that, on the first trial, a demurrer to the-petition was sustained in favor of the executrix of Norris, and judgment rendered in her favor against the plaintiff; and that, upon the facts admitted, Cochran was adjudged bound in his individual capacity; that the issue between the plaintiff and Leonard was found for the latter; that the issues between the plaintiff and tha *104 Pecks were found for the plaintiff; and, as between Childs and the plaintiff, the finding was likewise for the plaintiff, and that, upon this state of fact, a judgment was rendered for Leonard against the plaintiff; *and for the plaintiff, a joint judgment was rendered against Cochran, the Pecks, and Childs.
The statute allowing second trials is remedial in its nature. In its construction and practical application to cases, the difference between the remedial system of the code and the remedies which ■existed at common law, should be kept in view.
At common law, the general rule was, that where a joint contract was the subject of the action, a defense good for one defendant inured to the benefit of all his co-defendants, and barred the action, although a cause of action, notwithstanding the defense, was left against such co-defendants, which the plaintiff might enforce in a subsequent suit. But to such a cause of action, under our present system, a successful defense by part of the defendants does not necessarily prevent a recovery against the remainder. One of the leading objects of the code is to avoid a multiplicity of .■suits, by settling finally, as far as may be practicable, the rights of the parties in a single action.
Without now considering by whom pleaded, defenses may be -divided into two general classes : First, such as, if true, only exonerate the defendants setting them up from liability, leaving the ■cause of action in full force against the other defendants ; second, ■such as, if established, defeat the entire cause of action, and prevent a recovery- by the plaintiff against any of the defendants. Of the former class is the defense denying the execution of the contract by one of several joint contractors sued in the same ■action ; of the latter, the defense of payment or of the release of the cause of action.
No good reason now exists why a defense which, in its legal effect, exonerates only one of several defendants, should bar a recovery against the remainder; nor is there any justice in permitting a recovery upon a cause of action which never existed in fact, or which has been satisfied, simply because the defense is set up and established by one of the parties only. It is only to the ■extent that the defenses go and are maintained, that' the plaintiff’s notion fails.
In the present case, Leonard pleaded, as his sole defense, *that he did not execute the contract, and upon the first *105 4rial the issue was found for him, and judgment was rendered in his favor. While the fact found remains, the legal effect was to .-sever him from the case, and to entitle him to a judgment of ■dimissal.
Childs, in his answer, likewise denies the making of the contract -on his part, and this issue was found, on the second trial, in his •favor, and the judgment of dismissal, rendered on this finding for him, is what is now sought to be reversed.
He also, as a second defense, sets up an agreement made with the ■plaintiff’s assignor, to which the Pecks were parties, whereby he ■was released from the supposed liability.
Assuming Childs to have been a joint promisor with his co-defendants, his voluntary release, without the consent of the others, would, at common law, have discharged all. But, if he was not, in fact, a joint contractor, the supposed release would not affect the '-liability of the other defendants. This rule of the common law has been modified in this state, by statute, in relation to copartners and joint debtors, and the discharge of one only operates as a partial payment. S. & C. Stat. 906, sec. 27.
In the light of what has been said as to the rights and liabilities of parties under the code, as a system of civil procedure, let us •consider: (1), whether Childs took the necessary steps to secure a second trial; and (2), if he did, whether the result was to open up and leave undisposed of, as they stood before the first trial, all the -issues between the plaintiff and the other defendants?
The statute in question provides, in the first section, that a second trial may be demanded in any civil action in which either party has the right by law to demand a trial by jury, and in which an issue of fact has been joined between the parties, or any two of them, by their pleadings, and after judgment has been rendered upon the terms and in the manner provided by the act.' And it further provides that new trials may be granted in such actions after such second trial, upon the grounds and in the manner provided by the code.
Section two prescribes the manner in which a second trial may be obtained, and provides that any person desirous of *such ¡second trial shall, at the term of the court at which the judgment was rendered, enter on the records of the court, notice of his demand for such second trial; and shall enter into an undertaking, within the time limited, payable to the adverse party, in a sum to *106 be fixed by the court, and conditioned that the party obtaining such second trial shall abide and perform the order and judgment of the court, and pay all moneys, costs, and damages which may be required or awarded against him, consequent upon such second trial. It further provides that in no case shall administrators, executors, or guardians, who may have given bonds in this state, be compelled to enter into an undertaking in order to be entitled to a second trial.
Childs complied strictly with the language of the statute ; and, unless it can be maintained that a proper construction requires that all of the defendants charged as jointly liable must unite in the demand, his right to a second 'trial became perfect. And, if all are required to unite in the demand, it would seem to follow that all would be required to enter into an undertaking. But this construction is inadmissible. It would place the right of one or more of the parties who felt aggrieved by the first trial, and who desired a. second, in the power of co-defendant who, for various reasons, might be unable or unwilling to prolong the litigation ; and the course of reasoning that would deny the right to a party of continuing his-defense, without the consent of his co-defendant, would’ seem to require a like consent to its being set up originally. The motion to dismiss the case from the second-trial docket was, we think, properly overruled. .
As to the remaining question: An issue of fact joined and determined, and which the parties thereto have the right to have tried by a jury, is an indispensable condition to the allowance of a second trial. The object seems to be to allow to the party aggrieved by the finding a retrial of the issue, upon complying with the prescribed conditions. If there be no such issue, there can be no-second trial. A party with whom no issue is joined has nothing to require a jury to try, and if wronged, it is not by an erroneous-finding against him, and his case is not within the remedy which the statute affords.
*Where there are several defendants, each of whom pleads-separate defenses, upon which issues are joined, after verdict against them either may take a second trial; but the taking such trial by one, does not unsettle the findings as to the other defendants, any further than the defenses of the party taking the second trial would have availed the defendants had they failed to answer. If his defense goes no further than to exonerate himself from lia *107 bility to the plaintiff, leaving the cause of action intact against the other defendants, their liability to the plaintiff will remain unaffected, whatever may be the result of the second trial. But if the defense goes to the validity of the cause of action—to the right of the plaintiff to recover against any of the defendants—e. g., a plea of payment—it will, to the extent it may be established, inure to the benefit of the other defendants as fully as it would have done upon the first trial had they been in default. The legal effect of the findings of issues on a second trial is the same upon the right» of the other parties as upon the first trial. All the parties to the action, whose interests may be affected by the results of the second trial, are still before the court, quoad such interests; and when the facts in controversy shall have been ascertained, the judgment must conform to the rights of the parties arising from those facts,, either by the rendition of a new judgment, or such a modification of the former one as will effect this object.
Difficulties will be encountered upon any construction that may be adopted. The undertaking binds the party giving it, only to perform the judgment that may be rendered against himself. If all the other parties may relitigate, they do so without giving to the plaintiff security for the costs and risks to be incurred. The giving of security is a condition to a retrial, and the right ought not to be extended without it beyond what is necessary.
The ruling of the court below better conforms to the object of the statute, and in our judgment, in general jjractiee will encounter less inconvenience than a contrary holding.
We do not deem it necessary to notice the various cases cited relating to appeals.
In Ewers v. Rutledge, 4 Ohio St. 201, the original action *was upon an administrator’s bond. The appellant, Ewers, had united with his co-defendant, in a joint answer setting up a joint defense, which, if established, would have barred the action. Ewers perfected his appeal by giving bond for himself alone. The appeal was quashed by the district court, but sustained by this court. We do not regard this case as iq conflict with our present holding.
In regard to the overruling of the motion for a new trial, it is-only necessary to say that we are unanimous in the opinion that there is not sufficient grounds for reversing the finding and judgment of the court below. Judgment affirmed.
Brinkerhoee, C. J., and Scott, Day, and Welch, JJ'., concurred.